**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

BEVERLY FOX,

Petitioner,

v.

NORTHWEST AIRLINES, INCORPORATED,
a corporation under the laws of
the State of Minnesota,

Respondent.

Civil No. 01-1734 DWF/AJB

**REPORT AND RECOMMENDATION**

---

Timothy R. Thornton and Kevin M. Magnuson (on the brief only), BRIGGS AND MORGAN, Minneapolis, Minnesota, appeared on behalf of Respondent.

Gregg M. Corwin and Amanda R. Cefalu, GREGG M. CORWIN & ASSOCIATES LAW OFFICE, P.C., Minneapolis, Minnesota, appeared on behalf of Petitioner.

---

## I. INTRODUCTION

Beverly Fox ("Petitioner") was employed as a flight attendant for Northwest Airlines, Inc. ("Respondent"). After being terminated, Petitioner filed a grievance, which eventually came before Respondent's System Board of Adjustment ("System Board"). The System Board upheld the termination, and Petitioner now seeks judicial review.

The matter is now before the Court on Respondent's motion to dismiss. Respondent's motion is properly before the undersigned United States Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons discussed below, it is recommended that Respondent's motion be denied.

APR 1 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. BACKGROUND

In September 1995, Petitioner allegedly suffered an on-the-job injury. Thereafter, she went on several medical leaves. While on leave, Petitioner received worker's compensation benefits from Respondent's self-insured fund. On February 28, 1997, while on what became her last medical leave, Petitioner was videotaped bending, lifting and carrying, while in no apparent physical distress. This video-taped activity occurred just three days after Petitioner procured a doctor's report stating that she could not lift more than 20 pounds and that she could not bend or twist excessively.

Petitioner was summoned to Respondent's headquarters for an investigatory interview on April 4, 1997. Petitioner's testimony during the interview was found to be implausible. Thereafter, on May 19, 1997, Petitioner was terminated for falsification of her injury, dishonesty, and failure to cooperate with a company investigation. Petitioner grieved her termination under the collective bargaining agreement.[1] Her grievance was initially denied, and the matter was brought before the System Board on September 28-29, 1999.

Petitioner's termination was upheld by the System Board in a decision dated December 1, 2000. In the written decision, the neutral arbitrator acknowledged that, during the hearing, the parties paid a great deal of attention to whether or not the objects that Petitioner was lifting (while being video-taped) weighed more than 20 pounds. The arbitrator further acknowledged that the exact weight of the at-issue objects was never established during the hearing. Then, the arbitrator admitted that, after the hearing, he had conducted his own independent test in an

---

[1]Petitioner's employment was governed by a collective bargaining agreement entered into by Respondent and the International Brotherhood of Teamsters Local 2000.

attempt to approximate the weight of the at-issue objects.

Petitioner now seeks to set aside the System Board's decision. The complaint alleges that the System Board (1) exceeded the scope of its jurisdiction, (2) denied Petitioner due process of law and (3) failed to comply with the requirements of the Railway Labor Act. As noted above, this matter is now before the Court on Respondent's motion to dismiss. Respondent contends that (1) the complaint does not establish subject matter jurisdiction, (2) the complaint fails to state a claim upon which relief can be granted and (3) the matter is barred by the statute of limitations.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Respondent's motion first seeks dismissal under Fed. R. Civ. P. 12(b)(1). Respondent contends that the complaint does not establish subject matter jurisdiction. The Court disagrees.

There are two ways in which to present a 12(b)(1) motion. First, it may be argued that the complaint simply fails to allege facts upon which subject matter jurisdiction can be based. Next, it could be argued that the jurisdictional allegations of the complaint are not true. Osborn v. U.S., 918 F.2d 724, 729-30 n.6 (8th Cir. 1990). Respondent makes the former argument.

The flaw in Respondent's 12(b)(1) motion is rooted in an apparent co-mingling of theories. In its 12(b)(1) motion, Respondent argues that the complaint fails to allege facts, which would support setting aside the System Board's decision. This argument, however, is better directed toward Respondent's 12(b)(6) motion. The Court agrees–as will be discussed below–that the complaint fails to state a claim upon which relief can be granted. The Court concludes, however, that the complaint establishes subject matter jurisdiction. The complaint

sets forth the following:

- Petitioner was an employee of Respondent, as defined and governed by 45 U.S.C. §§ 182 & 151 (Fifth);
- Respondent is a common carrier by air, as defined by 45 U.S.C. § 181;
- Petitioner was terminated from her employment, which was governed by a collective bargaining agreement;
- Petitioner grieved her termination;
- Her termination was eventually upheld by the System Board, which is an entity described in 45 U.S.C. § 185; and
- Petitioner seeks judicial review of the System Board's decision.

The complaint clearly demonstrates that this case belongs in Federal court. Therefore, the Court recommends that Respondent's 12(b)(1) motion be denied.

**B. FAILURE TO STATE A CLAIM**

Respondent also seeks dismissal under FED. R. CIV. P. 12(b)(6). Respondent contends that the complaint fails to allege facts, which could support setting aside the System Board's decision. The Court agrees. Although notice pleading provides for a very liberal standard, a complaint must at least give some clue as to the acts that give rise to the claim. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Here, the complaint merely alleges that the System Board (1) exceeded the scope of its jurisdiction, (2) denied Petitioner due process of law and (3) failed to comply with the requirements of the Railway Labor Act. The complaint gives absolutely no insight into the acts that constitute these alleged violations. The Court concludes that the complaint fails to state a claim upon which relief can be granted.

This determination does not end the matter. In her responsive papers, Petitioner explains the factual basis for her cause of action, and has offered to place these factual allegations in an amended complaint. She contends that, because the arbitrator conducted his own independent evidentiary test outside the arbitration hearing, her due process rights were violated.

In reply, Respondent appears to concede that, if the System Board's decision turned on the weight of the objects, there may be an arguable due process violation.[2] Respondent argues, however, that the System Board's decision did not turn on the weight of the objects, but instead, turned on the activities depicted in the videotape.[3] Therefore, the reasoning goes, the arbitrator's test did not have any material bearing on the System Board's decision. Using this reasoning, Respondent argues that even the proposed amended complaint would fail to state a claim upon which relief could be granted.[4]

The Court is not convinced. After a thorough review of the System Board's decision, the Court is not prepared to say that the System Board's decision was unaffected by the arbitrator's independent test. Therefore, the Court cannot say that Petitioner's proposed amended complaint would fail to state a claim upon which relief could be granted.

The Court recommends that Respondent's 12(b)(6) motion be denied, contingent upon Petitioner submitting an appropriate amended complaint, within 10 days from the date upon which the District Court denies Respondent's motion to dismiss.

---

[2]Respondent also concedes that the Eighth Circuit, in Goff v. Dakota, Minnesota & Eastern Railroad Corporation, 276 F.3d 992 (8th Cir. 2002), recognizes that a due process violation is a basis to challenge the System Board's decision.

[3]Respondent also suggests that the arbitrator's test was a method of taking judicial notice. The Court disagrees.

[4]The Court treats Respondent's position as a "futility" argument, which is usually made within the context of a request to amend.

### C. STATUTE OF LIMITATIONS

As a final matter, Respondent contends that Petitioner's complaint is time-barred. The Court disagrees. Petitioner seeks to have the decision of the System Board vacated. This type of action is controlled by a two-year statute of limitations. Brock v. Republic Airlines, Inc., 776 F.2d 523, 526 (5th Cir. 1985); Association of Flight Attendants v. Republic Airlines, Inc., 797 F.2d 352, 356-57 (7th Cir. 1986) (rejecting Illinois' 90-day limitation period for vacating arbitration awards). There is no dispute that the complaint was filed within two years following the System Board's decision.

## IV. RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED THAT:

1. Respondent's motion to dismiss be denied, contingent upon Petitioner submitting an appropriate amended complaint, within 10 days from the date upon which the District Court denies said motion.

Dated: April 18, 2002

Arthur J. Boylan
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.

AJB