UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Beverly Fox, Civil No. 01-1734 (DWF/AJB)

Petitioner,

v. **ORDER AND MEMORANDUM**

Northwest Airlines, Inc.,

Respondent.

---

Gregg M. Corwin, Esq., and Amanda R. Cefalu, Esq., Corwin Law Office, 508 East Parkdale Plaza Building, 1660 South Highway 100, St. Louis Park, Minnesota 55416-1533, counsel for Petitioner.

Timothy R. Thornton, Esq., Timothy G. Gelinske, Esq., and Kevin M. Magnuson, Esq., Briggs & Morgan, 2400 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, counsel for Respondent.

---

This matter is before the Court upon Respondent's objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated April 18, 2002, recommending that Respondent's Motion to Dismiss be denied. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record and the Court having reviewed the arguments and submissions of the Plaintiff, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Magistrate Judge Boylan's Report and Recommendation dated April 18, 2002 (Doc. No. 16), is **ADOPTED**.

FILED JUN 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

2. Respondent's Motion to Dismiss (Doc. No. 3) is **DENIED** contingent upon Petitioner submitting an appropriate amended complaint within ten (10) days of the date of this order.

Dated: June 18, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Petitioner Beverly Fox brought this action requesting review of a decision by the System Board of Adjustment denying Ms. Fox disability benefits. Respondent Northwest Airlines filed the instant motion to dismiss alleging that the Court lacks jurisdiction to review the System Board of Adjustment's decision and that the complaint fails to assert a claim for which relief can be granted.

The System Board of Adjustment denied Ms. Fox's claim for disability benefits because of a videotape depicting Ms. Fox engaged in certain physical activity which appears inconsistent with her claim of disability. In part, that videotape shows Ms. Fox lifting certain objects. In the written decision, the arbitrator notes that the parties spent significant time during the hearing debating the weight of the objects Ms. Fox was lifting, specifically arguing whether those objects weighed more or less than 20 pounds. The arbitrator acknowledged that the weight of the objects was not established during the hearing and so he decided to conduct an independent investigation, seeking out objects which he believed to be similar or comparable to the objects in the videotape and weighing them. Although the arbitrator's decision suggested that the weight of the objects was irrelevant to his decision, the fact that he expended the time and effort to engage

in his own investigation suggests otherwise. Indeed, the arbitrator, noting that his weight estimations were obviously merely estimations, characterized the fruits of his investigation as "more useful than the entirely subjective descriptors proffered by the parties"; the Court cannot imagine how the arbitrator's observations could be useful in any way except to aid him in reaching his decision. Accordingly, the arbitrator's actions appear to have seriously compromised the integrity of the record and the due process afforded the Petitioner.

Although the scope of judicial review of System Board awards is quite narrow, the Court does have subject matter jurisdiction to review such awards for alleged violations of a petitioner's due process rights. *See Goff v. Dakota, Minnesota & Eastern R.R. Corp.*, 276 F.3d 992, 997 (8th Cir. 2002). Ms. Fox's Petition alleges that the arbitrator deprived her of due process when reaching his decision. The Court has subject matter jurisdiction over such an allegation, and the question of whether the arbitrator's actions rise to the level of a due process violation is one which should be addressed in a procedural context other than a motion to dismiss. Respondent contends that any such due process violation is harmless because the arbitrator did not rely upon the information obtained through his independent investigation; such a contention does not defeat the Court's subject matter jurisdiction over the allegation, but rather goes to the merits of the allegation. Moreover, the Court notes the likelihood that the arbitrator's actions were more than harmless, that they had a real effect on his decision in the case. As noted above, the arbitrator's actions suggest that he viewed the record as incomplete without further investigation, and his written comments suggest that he did rely, in some part, on the fruits of that investigation. At this point, the counterfactual hypothesis that the arbitrator would have reached the same decision absent his independent investigation appears entirely too tenuous to countenance; the Court has difficulty believing that the arbitrator's actions in this matter can be

hypothetically "undone" to determine what the outcome would have been but for the arbitrator's independent investigation.

The Court agrees with the Magistrate Judge that Ms. Fox's petition fails to state the alleged due process violation with sufficient particularity to survive a motion to dismiss under Rule 12(b)(6). However, a reading of the System Board's award makes clear exactly what the alleged due process violation must be: the arbitrator engaged in independent fact-finding, ascertaining facts without giving Ms. Fox a chance to challenge his findings. The Court agrees that Ms. Fox should be given an opportunity to amend her petition to state her allegations with particularity.

Accordingly, the Court denies Respondent's motion to dismiss for lack of subject matter jurisdiction and denied Respondent's motion to dismiss for failure to state a claim, the latter dismissal contingent upon Petitioner filing an amended petition within ten days of the date of this order.

D.W.F.