**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BEVERLY FOX,

Petitioner,

vs.

NORTHWEST AIRLINES, INC., a Corporation under the laws of the State of Minnesota,

Respondents.

Civil File No. 01-CV-1734(DWF/AJB)

**STIPULATION OF DISMISSAL WITH PREJUDICE OF THE PETITION FOR REVIEW OF THE SYSTEM BOARD OF ADJUSTMENT AWARD**
AND ORDER

---

## RECITALS

On May 19, 1997, Fox was discharged. Pursuant to the Flight Attendant Collective Bargaining Agreement, Fox grieved her termination; the grievance was denied. Fox appealed and arbitrated before a System Board of Adjustment, chaired by John J. Flagler. The System Board upheld Fox's termination on December 1, 2000.

On September 20, 2001, Fox sought review of the System Board of Adjustment Award in the United States District Court for the District of Minnesota. Fox filed an Amended Petition on June 26, 2002, alleging that the Board exceeded the scope of its jurisdiction under the Railway Labor Act ("RLA"), failed to comply with the requirements of the RLA and denied due process in violation of the RLA, 45 U.S.C. 153 First (a), and *Goff v. Dakota, Minnesota & Eastern Railroad Corp.*, 276 F.3d 992, 997 (2002).

Northwest timely denied the allegations in Fox's Petitions, and continues to reject any challenge to the validity of the Board's award. Nevertheless, this Stipulation affords an expeditious and cost-effective resolution of this lawsuit.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Fox and Northwest, therefore, have agreed to dispose of this lawsuit and to vacate the December 1, 2000 award of the System Board of Adjustment.

**STIPULATION**

Northwest and Fox agree as follows:

1. This Petition is dismissed with prejudice, without costs or fees to either side, and the challenged System Board award is vacated. The outstanding minor dispute is remanded to the System Board of Adjustment.

2. The grievance over Fox's employment termination shall be resolved by a System Board of Adjustment, chaired by John J. Flagler.

3. The System Board shall conduct the necessary arbitration proceedings consistent with the Orders issued in this case.

4. This Stipulation and Order shall not be construed as an admission that either Northwest or the System Board acted wrongfully or inappropriately.

5. Any controversy or claim regarding this Stipulation and Order shall be resolved by the System Board of Adjustment to which this dispute is remanded.

6. This Stipulation and Order is the entire agreement between Fox and Northwest regarding the resolution of this lawsuit.

Dated: 9-01-02

Beverly Fox

Dated: 07/05/02

GREGG M. CORWIN & ASSOCIATES
LAW OFFICE

By: Gregg M. Corwin (#19033)
Amanda R. Cefalu (#309436)
508 East Parkdale Plaza Building
1660 South Highway 100
St. Louis Park, MN 55416

***Attorneys For Beverly Fox***

Dated: 7/4/02

BRIGGS AND MORGAN, P.A.

By: Timothy R. Thornton (#109630)
Kevin M. Magnuson (#306599)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

***Attorneys for Northwest Airlines, Inc.***

**ORDER FOR DISMISSAL WITH PREJUDICE AND FOR ENTRY OF JUDGMENT**

Based upon the Stipulation of the parties, the clerk of this court shall enter judgment dismissing the action with prejudice, without costs, attorney's fees or disbursements against either party. Further, this minor dispute shall be remanded to a System Board of Adjustment chaired by Jack Flagler for resolution pursuant to the Flight Attendant Collective Bargaining Agreement and consistent with this court's orders in this case..

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 9/24/, 2002